# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD E. JACKSON, II, | Civil Action No. 2: 17-cv-1135 |
| Plaintiff, | |
| v. | United States Magistrate Judge Cynthia Reed Eddy |
| WILLIAM SCHOUPPE, et al, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff, Richard E. Jackson, II, a former pre-trial detainee at the Beaver County Jail who is currently incarcerated at the State Correctional Institution at Albion, initiated the instant action on August 30, 2017, pursuant to 42 U.S.C.§ 1983. Jackson asserts a variety of claims arising from his detention at Beaver County Jail ("BCJ") against the following BCJ officers and officials: William Schouppe, Warden; Jennifer Monza, Counselor; Thomas Trkulja, Captain; Mark Campbell, Sergeant; D. Ruff, Officer; C. Steele, Deputy/ Asst. Warden; and Valerie Bearer, Commissary. The Defendants are sued in their individual and official capacities.

In response to Defendants' motion to dismiss (ECF No. 25), Jackson filed an Amended Complaint (ECF No. 35), which remains his operative pleading. Defendants filed the pending motion to dismiss (ECF No. 37), to which Jackson has responded in opposition. (ECF Nos. 51 and 52). For the reasons that follow, the motion to dismiss will be granted in part and denied in part.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), all parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. *See* ECF Nos. 5 and 32.

1

Jackson asserts his claims in a manner that makes it difficult for the Court and the Defendants to clearly understand the claims asserted and the facts supporting those claims. Nevertheless, the amended complaint is at least minimally sufficient to permit the Court to evaluate the asserted claims under the Rule 12(b)(6) standard. The legal allegations appear to include claims for conspiracy, retaliation, and stand alone claims of denial of due process, denial of access to courts, unsanitary conditions of confinement, and denial / delay of medical treatment.[2] For the most part, Plaintiff's litany of overlapping legal theories are all based on the same series of alleged conduct by Defendants.

*Standard of Review*

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This " 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that

---

[2] Throughout the amended complaint, Jackson alleges that the defendants treated him "differently" than other inmates, but he makes no factual allegations that would implicate a violation of the equal protection clause. There are no allegations that indicate that his treatment was based upon membership in a protected class and no comparator is identified as to any of the ways he believes the Defendants have treated him differently. *See Pearson v. Varano*, 656 F. App'x 583, 584 (3d Cir. 2016).

discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). In short, a motion to dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him to relief. *Twombly*, 550 U.S. at 563 n.8.

*Discussion*

Jackson seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must meet two threshold requirements: (i) that the alleged misconduct was committed by a person acting under color of state law; and (ii) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988). Defendants argue that the amended complaint should be dismissed because Jackson's allegations fail to state a claim upon which relief may be granted. Jackson's claims will be addressed seriatim.

A. Conspiracy

"A conspiracy may be charged under section 1983 as the legal mechanism through which to impose liability on all of the defendants without regard to who committed the particular act[.]" *Holt Cargo Sys., Inc. v. Del. River Port Auth.*, 20 F. Supp. 2d 803, 843 (E.D.Pa. 1998) (quoting *Hale v. Townley,* 45 F.3d 914, 920 (5th Cir. 1995)). In other words, in a § 1983 case "the function of conspiracy doctrine is merely to yoke particular individuals to the specific torts charged in the complaint." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). " '[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred' or 'plausible grounds to infer an agreement.'" *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) (quoting *Twombly*, 550 U.S. at 556)). It is not enough to allege "parallel conduct that could just as well be independent action." *Twombly*, 550 U.S. at 557. Moreover, "[o]nly allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain actions of the alleged conspirators taken to achieve that purpose, will be deemed sufficient." *Rose v. Bartle*, 871 F. 2d 331, 366 (3d Cir. 1989).

Viewing the amended complaint in the light favorable to Jackson, it is clear that Jackson has failed to state a viable conspiracy claim against any Defendant. Jackson has not alleged any facts showing communication, cooperation, or command among any Defendants from which an agreement could be inferred. Jackson's vague and conclusory allegations of a conspiracy fail to satisfy the pleadings requirements of *Twombly* and *Iqbal*. Thus, Plaintiff's claims of conspiracy will be dismissed.

B.  First Amendment

1.  *Retaliation*

It is well settled that "government actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Allah v. Seiverling*, 229 F.3d 220, 224–25 (3d Cir. 2000)). In order to state a prima facie case of retaliation, a prisoner / plaintiff must demonstrate (1) that the conduct in which he engaged was constitutionally protected, (2) he suffered an "adverse action" at the hands of prison officials; and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him. *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (citing *Mitchell*, 318 F.3d at 530; *see also*, Mann v. Brenner, 375 F. App'x 232, 236 (3d Cir. 2010); *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). Although there is not a heightened pleading standard in civil rights cases and liberal standards are to be applied to pro se pleadings, a § 1983 complaint must still comply with the Federal Rules of Civil Procedure, and must contain at least a modicum of factual specificity, identifying the particular conduct of each defendant that is alleged to have harmed the plaintiff, so that a defendant has adequate notice to frame an answer.

In the instant case, Jackson appears to view all of the Defendants' conduct as retaliatory for his filing of lawsuits and grievances. His retaliation claims can be broken down into five broad categories: (i) his placement in administrative custody and SNU; (ii) the improper confiscation of his personal item; (iii) the withholding of his mail; (iv) the filing of a false misconduct report; and (v) the "campaign of harassment and retaliation" by Defendant Ruff. Jackson also claims that Defendant Schouppe had supervisory involvement in the violation of his

rights as he was made aware of the ongoing retaliatory actions of the corrections officers and took no corrective action.

In particular, Jackson alleges that, in retaliation for his filing of grievances and lawsuits, Defendant Monza classified Jackson under SNU status (Amended Complaint, ¶ 30), that Defendant Campbell issued a false misconduct against him, (*id*. at ¶ 60);[3] that Defendant Ruff engaged in a "campaign of harassment" (*id*. at ¶¶ 64 – 74); that Defendant Bearer improperly confiscated a piece of his personal property (*id.* at ¶ 84); that Defendants Schouppe, Steele, and Tyson improperly withheld his mail and gave him inadequate notice that legal mail had arrived at the facility (*id*. at ¶ 94); and that Defendant Steele falsified documented evidence in order to place Jackson on Administrative Segregation (*id*. at ¶ 96). Jackson also alleges that he made Defendant Schouppe aware of the ongoing retaliatory actions of the corrections officers but Defendant Schouppe offered no assistance or took any corrective action.

While the Court views these retaliation claims with skepticism, at this early stage of the litigation, accepting the facts alleged in the amended complaint as true and construing them in the light most favorable to Jackson, the Court finds that Jackson has alleged enough to create plausible retaliation claims that should be allowed to continue beyond the Defendants' motion to dismiss. Although Jackson's retaliation claims may ultimately not succeed on the merits, they

---

3  The filing of a prison disciplinary report is not actionable under 42 U.S.C. § 1983 as prohibited "retaliation" unless the report is, in fact, false. In other words, the finding of guilt of the underlying misconduct charge satisfies a defendant's burden of showing that he would have brought the misconduct charge even if plaintiff had not filed a grievance. In *Bond v. Horne*, 553 F. App'x 219 (3d Cir. 2014), the United States Court of Appeals for the Third Circuit instructed that even when there has been a finding of guilt in the inmate's disciplinary hearing, the better course of action is to allow such claim to proceed and not to apply the burden-shifting aspect of the retaliation standard at the motion to dismiss stage.

are not "indisputably meritless," "fantastic or delusional," "of little or no weight," or "trivial." *Neitzke v. Williams*, 490 U.S at 325, 327 (1989).[4]

Further, as to the claims against Defendant Schouppe in his supervisory position, if Schouppe knew about the retaliatory actions of the corrections officers, and he chose not to take any corrective action, that might constitute supervisory involvement in violating Jackson's rights. *Parkell v. Danbert*, No. 14-1667, 833 F.3d 313, 330-331 (3d Cir Aug. 18, 2016) (quoting *Santiago v. Warmister Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)). Construed in the light most favorable to Jackson, his supervisory claim against Schouppe will be allowed to continue beyond the Defendants' motion to dismiss.

2. *Access to The Courts*

Jackson asserts that Defendants violated his rights as protected by the First Amendment by denying him access to the courts. It appears that Plaintiff is alleging that his rights were violated (i) when he did not receive all of his "legal documents" prior to his criminal court proceedings, which resulted in him not being able assist his counsel at trial and was therefore forced to accept a plea and (ii) hindered his ability to file lawsuits.

"It is well established that prisoners have a fundamental constitutional right of access to the courts." *Roman v. Jeffes*, 904 F.2d 192, 197 (3d Cir. 1990) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). The focus of any right of access analysis is whether the defendant's actions denied the plaintiff adequate, effective, and meaningful access to the courts. The Court of Appeals for the Third Circuit has explained:

> [A] denial of access claim is available where the state officials "<u>wrongfully and intentionally</u> conceal information crucial to a person's ability to obtain redress

---

[4] It is not clear from the amended complaint whether Jackson is claiming that Defendant Trkulja also engaged in retaliatory conduct, but through discovery, Defendants will have the opportunity to clarify the specifics of Jackson's retaliation claim.

through the courts, and do so <u>for the purpose of frustrating that right</u>, and that concealment and the delay engendered by it substantially reduce the likelihood of one's obtaining the relief to which one is otherwise entitled.

*Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety - Div. of State Police*, 411 F.3d 427, 445 (3d Cir. 2005) (emphasis in original) (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 511 (3d Cir. 2003)), *overruled on other grounds by Dique v. N.J. State Police*, 603 F.3d 181 (3d Cir. 2010). *See also Burkett v. Newman*, No. 3:11-cv-00037, 2012 WL 1038914, at *3 (W.D.Pa. Feb. 21, 2012). Importantly, a plaintiff must demonstrate actual injury stemming from the denial of access. *Lewis v. Casey*, 518 U.S. 343 (1996). A plaintiff must allege both an underlying cause of action, whether anticipated or lost, and official acts frustrating the litigation. *Christopher v. Harbury*, 536 U.S. 403 (2002).

The Court takes judicial notice that during Jackson's criminal proceedings, he was represented by attorney Carl Shawn Dryer. On April 12, 2016, Jackson's trial was continued to the July 11, 2016, trial term. On July 15, 2016, Jackson pled guilty to two charges of criminal trespass – break into structure, one charge of unlawful restraint / serious bodily injury, and two charges of simple assault. He also pled nolo contendere to one charge of indecent assault – without consent of other. Forty (40) charges were nolle prossed. On January 30, 2017, Jackson was sentenced to an aggregated sentence of 64 – 108 months of imprisonment. *See* Docket Sheet, *Commonwealth v. Jackson*, No. CP-04-CR-0001746-2015.

According to the amended complaint, Defendants' interference with Jackson's legal mail "resulted in the plaintiff being unprepared for jury selection and trial, which worried the plaintiff enough to force him to except (sic) a plea bargain." Amended Complaint, at ¶ 92. The amended complaint contains no allegations that Jackson was not reasonably able to communicate with his attorney by visits or telephone calls.

8

A state can fully discharge its obligation to provide a prisoner with access to the courts by appointing counsel. *See Peterkin v. Jeffes*, 855 F.2d 1021, 1042 (3d Cir. 1988). Jackson does not dispute Defendants' contention that he was represented by counsel during his criminal proceedings, and indeed, under Pennsylvania law, he was entitled to counsel. *See* Pa. R.Crim.P. 122. Therefore, this claim fails as a matter of law.

Jackson also generally alleges that defendants' interference with his mail hindered his ability to "exercise his rights to file a civil action . . . ." Amended Complaint, at ¶ 94. The amended complaint contains no allegations which show actual injury or that Plaintiff lost an arguable claim as a result of any actions by any Defendant. In fact, Plaintiff's arguments are undercut by the fact that he has filed the present civil action. Thus, the Court finds that Jackson is unable to show that any action on the part of any defendant denied him the right "to pursue a 'nonfrivolous' or 'arguable' underlying claim," as is required to establish an access to courts claim. For these reasons, Jackson's access to court claims will be dismissed.

### C. Fourteenth Amendment Claims

"The Due Process Clause of the Fourteenth Amendment prohibits states from 'depriv[ing] any person of life, liberty, or property, without due process of law,' U.S. Const. amend XIV, and contains both substantive and procedural components." *Steele v. Cicchi*, 855 F.3d 494, 501 (3d Cir. 2017) (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998)). "The substantive component of the Due Process clause limits what government may do regardless of the fairness of the procedures that it employs in order to guarantee protection against government power arbitrarily and oppressively exercised." *Id*. (internal citations omitted). To maintain a substantive due process claim, Jackson must have been deprived of a

particular interest that "is protected by the substantive due process clause." *Id*. (quoting *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008)).

"To maintain a procedural due process claim, [Jackson] must show that: (1) Defendants deprived him of an individual liberty interest that is encompassed within the Fourteenth Amendment's protection, and (2) the procedures Defendants made available to him did not provide due process of law." *Id*. at 507 (citing *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006)).

Jackson's due process claims can be broken down into four broad categories: (i) the review of his grievances; (ii) the filing of a false misconduct report; (iii) the disciplinary hearing on February 25, 2016; and (iv) the confiscation of his personal property. These claims are addressed seriatim.

To the extent that Jackson alleges that Defendants Schouppe and Trkulja improperly handled his grievances, such a claim fails because Jackson has failed to assert a constitutionally protected liberty interest as "[a]ccess to prison grievance procedures is not a constitutionally-mandated right." *Williams v. Armstrong*, 566 F. App'x 106, 109 (3d Cir. 2014) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases and stating that "[t]he courts of appeals that have confronted the issue are in agreement that the existence of a prison grievance procedure confers no liberty interest on a prisoner.")); *Hoover v. Watson*, 886 F. Supp. 410, 419 (D. Del. 1995), *aff'd*, 74 F.3d 1226 (3d Cir. 1995) (if a state elects to provide a grievance process, violations of its procedures do not give rise to a § 1983 claim)). Therefore, Jackson's allegations that Schouppe and Trkulja improperly handled his grievances fail to state a plausible Fourteenth Amendment due process claim and the claim will be dismissed.[5]

---

5    Plaintiff's claims about the sufficiency of the grievance process may permit him to

Next, to the extent that Jackson is raising an independent claim that Defendant Campbell filed a false misconduct report against him, that claim fails. The filing of a false misconduct report without more is not a cognizable constitutional claim.[6]

Third, Jackson also alleges that his due process rights were violated during his disciplinary hearing conducted on February 25, 2016, because he did not receive 24 hours notice before the hearing and was not able to call witnesses. "It is well established that 'prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.'" *Pressley v. Blaine*, 352 F. App'x 701, 706 (3d Cir. 2009) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). The key inquiry is whether Jackson received notice of the charges against him and had an opportunity to respond.

The underlying misconduct report was issued on February 19, 2016. By Plaintiff's own admission, he had six days to prepare for the disciplinary hearing, which was held on February 25, 2016. The disciplinary hearing was presided over by Defendants Monza, Tyson, and Trkulja. It is clear from the amended complaint that Plaintiff was provided a hearing and the process that was due. Any unfavorable result does not create a constitutional violation. Accordingly, the due process claims against Defendants Monza, Trkulja, and Tyson regarding their involvement in the disciplinary hearing will be dismissed.

Jackson's last due process claims involve the alleged confiscation of his personal property by Defendant Campbell on February 19, 2016, and by Defendant Bearer on March 4, 2016. The Supreme Court has held that the Fourteenth Amendment is not violated when a state

---

overcome a PLRA exhaustion argument as to the underlying issues about which he claims to have grieved. But the alleged deficiencies in the grievance system, without more, do not create an independent basis for a civil rights lawsuit against Defendants,

[6]    This result does not affect Plaintiff's claims to the extent that he is alleging that the false misconduct report was issued in retaliation for his filing of grievances.

11

employee intentionally deprives an individual of property, provided that the state makes available a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Brandt v. Wenerowicz*, 698 F. App'x 673, 678 (3d Cir. 2017) ("With regard to his due process claim, the District Court properly determined that the availability of a post-deprivation grievance procedure afforded him sufficient due process in connection with his confiscated property."); *Tapp v. Proto,* 404 F. App'x 563, 567 (3d Cir. 2010) ("[D]eprivation of inmate property by prison officials does not state a cognizable due process claim if the prisoner has an adequate post-deprivation state remedy.") As acknowledged by the amended complaint, Jackson has sought administrative relief regarding his purported loss of property via the BCJ's administrative grievance system.

Further, Jackson can also file an action in Pennsylvania state court regarding his deprivation of personal property claim. *Mattis v. Dohman*, 260 F. App'x 458, 461 (3d Cir. 2008). Since Jackson has adequate post deprivation remedies, any claim for loss of personal property cannot proceed.

D.  Conditions of Confinement and Delay in Medical Treatment

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees against "punishment." *Hubbard v. Taylor*, 399 F.3d 150 (3d Cir. 2005) ("*Hubbard I*") (citing *Bell*, 441 U.S. 520 (1979)). In determining whether the amended complaint fails to state a claim upon which relief may be granted, the court must review the amended complaint and determine whether the Defendants acted "for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id*. at 158 (quoting *Bell*, 441 U.S. at 538-30). Unless there is an expressed intent to punish, the court considers whether there is an alternative rational purpose and whether the condition is excessive in relation to that purpose. *Id*.

According to the amended complaint, on April 26, 2018, after Jackson completed his lunch meal, he "began experiencing severe abdominal pains and nausea. As the symptoms progressed, plaintiff began to vomit and defecated on his floor and himself." Amended Complaint, at ¶ 66. He alleges that when he initially informed Defendant Ruff of his condition and requested medical treatment, she stated, "You have been pushing my buttons all morning, Mr. Jackson, and if you push your button again, you will receive a 24 hr lockdown." *Id.* Jackson requested medical attention at least two more times, and alleges that Defendant Ruff disconnected the intercom so that it would not beep inside of the officers' station. *Id*. at ¶ 68. Eventually two other corrections officers contacted the medical staff on Jackson's behalf, and two nurses came to Jackson's cell to examine him. After the nurses left, Jackson pushed the intercom button and asked Defendant Ruff for a shower, clean clothes, and to have his cell cleaned. Jackson alleges that Ruff told him that "she doesn't want to deal with him, the next shift can do it." *Id*. at ¶ 73.

Accepting the facts alleged in the amended complaint as true and construing them in the light most favorable to Jackson, the Court finds that Jackson has alleged enough to create plausible due process claims against Defendant Ruff for unsanitary conditions and delay / denial of securing medical treatment as described in the amended complaint.

*Leave to Amend*

The Court must allow amendment by the plaintiff in a civil rights case brought under § 1983 before dismissing pursuant to Rule 12(b)(6), irrespective of whether it is requested, unless doing so would be "inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors*, Inc., 482 F.3d 247, 251 (3d Cir. 2007); *see also Alston v. Parker*, 363 F.3d 229, 235 (3d Cir.

2004). The Court is cognizant of these holdings, but finds that allowing for amendment by Jackson would be futile.

Defendants' Motion to Dismiss the Amended Complaint placed Jackson on notice of the deficiencies in the Amended Complaint. Further amendment would be futile because Jackson has had the opportunity to revise his claims to add any missing factual averments, but has elected not to do so.

## ORDER

For the reasons set forth above, the Motion to Dismiss will be granted in part and denied in part. Specifically, the Motion is granted as to Plaintiff's conspiracy claim and the stand alone claims alleging denial of access to courts and the due process claims against all Defendants <u>with the exception of Defendant Ruff</u>. The Motion is denied as to Plaintiff's claims of retaliation, supervisory claims against Defendant Schouppe, and due process claims against Defendant Ruff for unsanitary conditions of confinement and delay / denial of medical treatment.

Defendants shall file an Answer on or before **July 24, 2018**, pursuant to Fed.R.Civ.P. 12(a)(4).

IT SO **ORDERED** this 10th day of July, 2018.

s/ Cynthia Reed Eddy  
Cynthia Reed Eddy  
United States Magistrate Judge

cc: RICHARD EUGENE JACKSON, II
MV3323
S.C.I. Albion
10745 Route 18
Albion, PA 16475-0002
(via U.S. First Class Mail)

All counsel of record
(via ECF electronic notification)